IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GERMAIN DEVIA,**

                            **Plaintiff,**

         v.                                            **CASE NO. 05-3488-SAC**

**UNITED STATES OF AMERICA, et al.,**

                            **Defendants.**


**O R D E R**

Before the court is a complaint filed under 28 U.S.C. § 1331 by a prisoner confined in a Corrections Corporation of America (CCA) facility in Leavenworth, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

A prisoner seeking to bring a civil action without prepayment of the district court filing fee is required to submit an affidavit that includes a statement of all assets, a statement of the nature of the complaint, and the affiant's belief that he is entitled to redress, 28 U.S.C. § 1915(a)(1), and to submit a certified copy of the inmate's institutional account for the six months immediately preceding the filing of the action from an appropriate official from each prison in which the inmate is or was incarcerated, 28 U.S.C. § 1915(a)(2). Because plaintiff's motion for leave to proceed in forma pauperis includes no certified financial records, the court directs plaintiff to

supplement the motion with this necessary information. The failure to do so in a timely manner may result in the dismissal of this action based on plaintiff's failure to either pay the $250.00 district court filing fee, or to comply with the statutory requirements for seeking leave to proceed without prepayment of the fee pursuant to 28 U.S.C. § 1915.

Plaintiff is further directed to supplement the complaint to demonstrate full exhaustion of administrative remedies on his claims. *See* 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Although plaintiff suggests his medical requests to staff are sufficient, a greater showing is required. *See* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by § 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), *cert. denied* 125 S.Ct. 344 (2004).[1]

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to submit the certified financial records required by 28

---

[1] Plaintiff also cites a Motion for Adequate Medical Care filed in plaintiff's criminal action, U.S. v. Devia, Case No. 04-20115-11-JWL. Court records reflect that this motion was later withdrawn by an order in which the trial court found plaintiff had failed to establish the medical care being provided was inadequate.

U.S.C. § 1915(a)(2), or to pay the $250.00 district court filing fee.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to supplement the complaint to avoid dismissal of the complaint without prejudice pursuant to 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED.**

DATED:  This 13th day of January 2006 at Topeka, Kansas.


  s/ Sam A. Crow
 SAM A. CROW
 U.S. Senior District Judge