IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GERMAIN DEVIA,**

                **Plaintiff,**

     v.                                    CASE NO. 05-3488-SAC

**UNITED STATES OF AMERICA, et al.,**

                **Defendants.**

**O R D E R**

Plaintiff proceeds pro se on a civil complaint filed while plaintiff was confined in a Corrections Corporation of America (CCA) facility in Leavenworth, Kansas.

In an order dated January 13, 2006, the court directed plaintiff to provide financial information in support of his motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, and directed plaintiff to supplement the complaint to demonstrate plaintiff's compliance with the exhaustion requirement imposed by 42 U.S.C. § 1997e(a).  *See* 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

In response, plaintiff submitted financial documents sufficient for the court to assess an initial partial filing fee, 28 U.S.C. § 1915(b)(1), but plaintiff did not address his exhaustion of administrative remedies.

In an order dated February 8, 2006, the court assessed the

initial partial filing fee to be paid in this matter.  The court again directed plaintiff to show cause why the complaint should not be dismissed based on plaintiff's apparent noncompliance with 42 U.S.C. § 1997e(a), and again explained that § 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome."  Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), *cert. denied* 543 U.S. 925 (2004).

Plaintiff has now paid the initial partial filing fee assessed by the court and is granted leave to proceed in forma pauperis.[1] However, plaintiff never filed a responsive or supplemental pleading to address his exhaustion of administrative remedies at the CCA facility.

In his complaint, plaintiff seeks damages and medical treatment for reconstructive cranioplastic surgery which began failing prior to his arrival at the CCA facility.  Plaintiff cites medical treatment provided during his confinement, but essentially claims that treatment was inadequate and failed to correct his continuing problem with headaches and loose prosthetic pieces. Plaintiff broadly states no administrative remedies are available at the facility, and cites instead his numerous requests for medical care and his motions for medical attention in his criminal case.[2]  This

---

[1] Plaintiff remains obligated to pay the remainder of the $250.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

[2] *See* U.S. v. Reyes-Lopez, et al., Case No. 04-20115-11-JWL (Order dated 11-29-05, denying defendant's Motion for Adequate Medical Care).

is insufficient to satisfy the demands of 42 U.S.C. § 1997e(a).  *See* Steele, 355 at 1210 (§ 1997e(a) pleading requirements stated).

The court thus finds dismissal of the complaint without prejudice pursuant to 42 U.S.C. § 1997e(a) is appropriate to allow plaintiff whatever opportunity remains to pursue administrative remedies and properly present his claims.  Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134, 1141 (10th Cir. 2005).

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, with collection of the remainder of the district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that the complaint is dismissed without prejudice, pursuant to 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED.**

DATED:  This 4th day of May 2006 at Topeka, Kansas.

    s/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge